## David P. Grier et al.
### v.
## Charles S. Stout.

1. TROVER—WHEN IT WILL LIE.—To support the action of trover the plaintiff must, at the time of the conversion, have the possessory title or the right to the immediate possession of the goods.
2. SALE—BAILMENT—DISTINCTION.—When the identical thing delivered is to be restored, though in an altered form, the contract is one of bailment,

Grier et al. v. Stout.

and the title to the property is not changed; but when there is no obligation to restore the specific article, and the receiver is at liberty to return another of equal value, he becomes a debtor to make such return and the title to the property is changed—it is a sale.

APPEAL from the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. JAMES & JACK, for appellants; that the receipt shows that the transaction was a sale, cited Story on Bailments, §§ 283, 439; Lonergan v. Stewart, 55 Ill. 44; Richardson v. Olmstead, 74 Ill. 213; Chase v. Washburn, 1 Ohio St. 244.

To maintain trover, plaintiff must show a tortious conversion, and a right to immediate possession: 1 Chitty's Pl. 167; Owens v. Weedman, 82 Ill. 417; Bertholf v. Quinlan, 68 Ill. 297.

There must be a demand and refusal before there can be a wrongful conversion: Bruner v. Dyball, 42 Ill. 34.

Mr. JOHN B. COHRS and Messrs. PRETTYMAN & SON, for appellee; that a wrongful assumption of ownership in, or right to dispose of, the property, is a conversion, and renders a demand and refusal unnecessary, cited Bruner v. Dyball, 42 Ill. 36; Buckmaster v. Mower, 21 Vt. 204; Buxon v. Hubbard, 5 East. 407; 2 Hilliard on Torts, 101; 1 Chitty's Pl. 142; Bristol v. Burt, 7 Johns. 254.

When the second bailee claims by tort or by defective title under the first bailee, the bailor may recover against both: Story on Bailments, § 39; 2 Hilliard on Torts, 103.

Appellee may recover his aliquot part of the corn, though mixed with other corn: Story on Bailments, § 40.

Until payment the right of possession is in appellee, and trover will lie: Owens v. Weedman, 82 Ill. 409; Bertholf v. Quinlan, 68 Ill. 297.

If the sale was obtained by fraud of appellant's agent, appellee may disaffirm the sale, and bring trover for the goods: Gray v. St. John, 35 Ill. 222; Newkirk v. Dalton, 17 Ill. 413.

When property is sold to be paid for on delivery, and the purchaser refuses payment and appropriates the goods, trover will lie: Matthews v. Cowan, 59 Ill. 342; Conklin v. Leeds, 58 Ill. 180.

HIGBEE, P. J.   This was an action of trover commenced by appellee against appellants to recover the value of sixteen hundred and fifty-three bushels of corn.   On trial of the cause in the court below before a jury, there was a verdict for appellee for the value of the corn and judgment thereon.   To reverse this judgment plaintiffs appeal and assign several errors.

It appears from the evidence in the record, that on the 24th day of February, 1877, and for several years prior thereto, appellants were engaged in the grain trade at Peoria, Illinois, where they had elevators for the purpose of storing and handling their grain.   It further appears that at the time last mentioned and for some two years prior thereto, one James A. McComas resided at Manito, in Mason county, where he had an elevator and grain warehouse, and was engaged in buying and shipping grain to appellants at Peoria.   During the two years he was so engaged, he purchased and shipped by rail and boats to appellants a large amount of grain, and received from them large sums of money therefor.   Whether McComas purchased the grain on his own account and sold it to appellants, or purchased it for appellants as their agent, does not very clearly appear, nor do we regard it as very important in this case.   In either event it was well known to all parties to this suit, that he received his money to buy with from Grier & Co. and shipped the grain purchased to them.

On the 24th day of February, 1877, appellee having finished delivery of the corn in controversy to McComas, took from him this receipt:

"1653 bushels.        MANITO, Ills. February 24, 1877.

Received of C. S. Stout, sixteen hundred and fifty-three bushels of corn in store, delivered by Hiram Keely, which I agree to pay lake market price, and further agree to pay one cent per month per bushel after thirty days.

J. A. McComas,
For Grier & Co."

At the same time McComas delivered to appellee a draft on Grier & Co. for one hundred dollars, which was paid by them. At the time of this transaction appellee saw the corn put into the warehouse, and from there on to a boat, where it was mixed

with other corn and shipped to Grier & Co. at Peoria, and
although present, he made no objection to mixing his corn
with a large quan'ity of other corn, or to its shipment to appel-
lants.   Appellee testifies that he did not sell the corn; that he
left it to be stored; that the price did not suit him; that he was
to sell it when the price suited, but was not to pay storage if
he sold within thirty days; if after that he was to pay one cent
per month.

He also says the $100 was advanced on the corn, but he is
very indefinite as to the precise terms upon which he received
the money.   He says he received the draft when the receipt
was signed; that it was a payment on the corn; did not sell
the corn, it was only an advance that was to be taken out of
the full amount that was coming.   It was so much money
loaned on the corn.

Nothing more is heard of this transaction until the 21st of
May following, when appellee went to Peoria and demanded
of Grier & Co. pay for the corn, which they refused, and appel-
lee brought this suit.

To support the action of trover the plaintiff must at the
time of the conversion have the possessory title, that is, the
right to the immediate possession of the goods.   Whether
appellee at the time he commenced this suit had such right
of possession, depends upon the effect to be given to the trans-
actions between McComas and himself at the time he parted
with the possession of the corn.

If the receipt together with the other proof amounts to a sale
of the corn to the Griers, the appellee could not maintain this
action.   If, as he claims, it was a bailment of the property only,
and he had a right to the possession of the same corn when
demanded, then the action is properly brought.

It is clear that when appellee received the receipt from
McComas and saw this corn loaded on board of a boat mixed
with other corn that he did not expect the same identical prop-
erty to be returned to him, nor is there any evidence in the
record that appellants or their agent ever agreed to return other
corn of like quantity and quality, but the then price of the corn
being unsatisfactory, he received a hundred dollars down and

expected the balance whenever the price should be satisfactory, to be determined by himself thereafter. The corn when it reached Peoria went into appellants' elevators with other corn. How long it remained there or what finally became of it does not appear.

These facts bring the case within the principles recognized by courts by which the character of such transactions is to be determined. That principle is, that when the identical thing delivered is to be restored, though in an altered form, the contract is one of bailment, and the title to the property is not changed, but when there is no obligation to restore the specific article and the receiver is at liberty to return another thing of equal value, he becomes a debtor to make such return, and the title to the property is changed; it is a sale. Lonergan v. Stewart, 55 Ill. 44.

The distinction between the obligation to restore the specific things, and the obligation to return other things of the like kind and value holds good in cases of hiring as well as in cases of deposits and gratuitous loans. In the former case it is a regular bailment; in the latter it becomes a debt or innominate contract. Thus, according to Alfenns, if an ingot of silver be delivered to a silversmith to make an urn, the whole property is transferred and the employer is only a creditor of metal equally valuable, which the workman engages to pay in a certain shape; the smith may consequently apply it to his own use. But if it perish, even by unavoidable mischance or irresistible violence, he as owner of it, must abide the loss; and the creditor must have his urn in due time. Jones on Bailments, 105–6; Story on Bailments, Sec. 439; Hurd v. West, 7 Cowan, 752, note a ; Newton v. Woodruff, 2nd Comst. 153; Ewing v. French, 1 Block. 353; Chase v. Washburn, 1 Ohio St. Rep. 244; Richardson et al. v. Olmstead, 74 Ill. 213.

It is not material that both appellee and McComas state that they did not regard it as a sale of the corn; the receipt and their evidence discloses the whole transaction; the law fixes its character from these facts, and it is impossible to regard it as a bailment in which the identical corn was to be returned to appellee.

Appellee not being entitled to the possession of the corn at the time of the supposed conversion, he cannot recover in this action.

Judgment reversed.